Filed 1/15/25  P. v. Gonzalez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>GUILLERMO NUNEZ GONZALEZ,<br><br>  Defendant and Appellant. | D083361<br><br><br><br>(Super. Ct. No. SCS201828) |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

**MEMORANDUM OPINION**

In 2013, Guillermo Nunez Gonzalez pled guilty to voluntary manslaughter and assault with a semiautomatic firearm, and he admitted to personal use of a firearm.  He was convicted and sentenced to prison.

Thereafter, Gonzalez filed a petition for resentencing under Penal Code section 1170.95, the predecessor statute to section 1172.6.[1] At the initial hearing, the court dismissed the petition for failing to state a prima facie case for relief.

Gonzalez appeals the court's order denying his section 1172.6 petition without an evidentiary hearing. We find no error and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

An information charged Gonzalez with the murder of Willie Clark, the attempted murder of Ernesto Alvarez, and two counts of assault with a semi-automatic firearm upon victims Ernesto Alvarez and Alberto Elena. The information included the allegation that Gonzalez, in the commission of the murder, "personally used a firearm, to wit: handgun, within the meaning of" section 12022.5(a).[2]

In August 2018, Gonzalez pled guilty to voluntary manslaughter (a lesser included offense of murder), in violation of section 192, subdivision (a) and to one count of assault with a semiautomatic firearm upon Ernesto Alvarez. The plea form signed by Gonzalez stated that as part of his plea, he admitted, "I unlawfully killed another human being William Clark, upon a sudden quarrel and I personally used a semi-automatic handgun."

At the hearing on the change of plea, the court asked Gonzalez:

> "It's alleged that on or about April 3rd, 2006, that
> you did unlawfully kill a human being without
> malice upon sudden quarrel or heat of passion in
> violation of Penal Code section 192 subdivision (a).

---

[1] Assembly Bill No. 200 (Stats. 2022, ch. 58, § 10) renumbered section 1170.95 to 1172.6, effective June 30, 2022.

[2] Statutory references are to the Penal Code unless otherwise specified.

To that charge, Mr. Gonzalez, what is your plea,
guilty or not guilty?"

Gonzalez, who had been placed under oath, responded:

"Guilty."

The court continued:

"And it is further alleged that in the commission and
attempted commission of that offense, that you
personally used a firearm, to wit, a handgun within the
meaning of Penal Code section 12022.5 subdivision (a).
Do you admit or deny that allegation?"

Gonzalez replied:

"I admit it."

The court then referred to the change of plea form, noting that it said:

"I admit that on the dates charged, I unlawfully
killed another human being, William Clark, upon
sudden quarrel, and I personally used a semi-
automatic handgun." The court asked Gonzalez, "Is
that true and correct?"

Gonzalez responded:

"Yes."

The court sentenced Gonzalez to the stipulated sentence of eighteen years in prison.

Gonzalez filed his petition for resentencing in June, 2023. The court appointed counsel for Gonzalez and set the matter for an initial hearing. The People filed a response asking the court to deny the petition. The People argued that Gonzalez was not eligible for relief under section 1172.6 because he was the actual killer.

The court held a hearing on the petition on November 29, 2023. After hearing from both counsel, the court noted that Gonzalez was the only party named in the charging document and he was convicted of manslaughter with

personal use of a firearm "which establishes his identity as the direct perpetrator in this crime." The court therefore denied Gonzalez's petition.

Gonzalez timely appealed.

## DISCUSSION

### A. *Brief Summary of Section 1172.6*

Following Gonzalez's 2018 conviction, the Legislature narrowed the scope of liability for felony murder and abolished liability for murder based on the natural and probable consequences doctrine. (See, generally, § 1172.6.) Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) was enacted to " 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill 1437 did this by amending section 188, which defines malice, and section 189, which defines the degrees of murder. (Stats. 2018, ch. 1015, §§ 2 & 3.)

Amended section 188 states: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Amended section 189 states: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] [or] (3) The person was a major participant in the

4

underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(1–3.)

Senate Bill 1437 also established resentencing relief for eligible defendants. (§ 1172.6, subd. (a); *People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Under section 1172.6,subdivision (a), "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory . . . may file a petition" with the sentencing court to have his or her murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . . [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" under Senate Bill 1437. "[A]bsent a record of conviction that conclusively establishes that the petitioner engaged in the requisite acts and had the requisite intent, the trial court should not question" the allegations of the petition seeking relief under section 1172.6. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 230 (*Rivera*), quoting *People v. Duchine* (2021) 60 Cal.App.5th 798 at p. 815).

B.    *Analysis*

We review the challenged order de novo. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); *People v. Coley* (2022) 77 Cal.App.5th 539, 545.) We affirm if the judgment is correct, regardless of the trial court's

reasoning. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976 ["even if the reason given by the trial court was erroneous," the judgment will be affirmed on appeal if the denial of the petition at the prima facie stage was correct]; *People v. Smithey* (1999) 20 Cal.4th 936, 972 [if the court's decision was correct under any legal theory, " 'it must be sustained regardless of the considerations which may have moved the trial court to its conclusion' "]).

Gonzalez argues that he was entitled to an evidentiary hearing because the record of conviction did not conclusively establish that he was ineligible for relief as a matter of law.

"In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder or attempted murder under the law as amended by [section 1172.6]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987 (*Flores*).)

### 1. Gonzalez's record of conviction

In considering whether Gonzalez established a prima facie case for relief under section 1172.6, we start by determining what constitutes Gonzalez's record of conviction[3]. As noted in *People v. Lewis* (2021) 11 Cal.5th 952, 971, at the prima facie stage, the court uses the record of conviction "to distinguish petitions with potential merit from those that are

---

[3] Pursuant to *People v. Reed* (1996) 13 Cal.4th 217, 223, the record of conviction consists of "those record documents reliably reflecting the facts of the offense for which the defendant was convicted."

clearly meritless . . . as part of a single-step prima facie review process." The court assumes that the facts alleged by the petitioner are true, but the court may deny resentencing "where the record of conviction contains facts *conclusively* refuting the allegations in the petition." (*Flores, supra*, 76 Cal.App.5th at p. 991.)

A record of conviction may include the charging document (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330 (*Verdugo*)), the plea form, and plea colloquy. (See, e.g., *People v. Saavedra* (2023) 96 Cal.App.5th 444, 448 (*Saavedra*).)

### 2. The record of Gonzalez's conviction conclusively establishes that he is ineligible for resentencing as a matter of law

We focus on whether Gonzalez's record of conviction demonstrates that he could presently be convicted of murder or attempted murder under the amended murder statutes. (*Flores, supra*, 76 Cal.App.5th at p. 987). Amended section 188 provides that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Amended section 189 states in relevant part: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if . . . [¶] (1) The person was the actual killer." (§ 189, subd. (e)(1).)

Where, as here, petitioner's conviction resulted from a guilty plea, the record of conviction includes the facts "the defendant admitted as the factual basis for a guilty plea." (*People v. Gallardo* (2017) 4 Cal.5th 120, 136.) Because Gonzalez's guilty plea established that he was the actual killer of Clark, under the amended law of murder, he could presently be convicted of the murder. "As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'" (*People v. Garcia* (2022) 82 Cal.App.5th

7

956, 973; *Verdugo, supra*, 44 Cal.App.5th at p. 330 ["petitioner who admitted being the actual killer as part of a guilty plea" is ineligible for relief as a matter of law].)

In Gonzalez's plea form, he stated, "I unlawfully killed another human being William Clark, upon a sudden quarrel and I personally used a semi-automatic handgun." In his plea colloquy with the court, the court asked Gonzalez whether that statement was true and correct, and Gonzalez responded, "Yes." These statements can only be understood as Gonzalez's acknowledgment that he was the actual killer of Clark.

Gonzalez correctly argues that the fact that he alone was named in the charging document is insufficient to establish his ineligibility for sentencing relief. (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 339 [single charging document does not foreclose the possibility of other people have been charged for related crimes].) Gonzalez also correctly contends that his admission to personal use of a firearm would be insufficient on its own to establish the necessary intent to kill to disqualify him from an evidentiary hearing. (See *People v. Davenport* (2021) 71 Cal.App.5th 476, 485 [admission to this enhancement did not preclude the possibility of prosecution under a felony-murder theory].)

Gonzalez further argues that he only admitted to "voluntary manslaughter in generic terms," citing *People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1212. *Gaillard* involved defendant's plea to aiding and abetting voluntary manslaughter, and the court concluded that the plea did not establish whether defendant admitted guilt on a theory of natural and probable consequences or on a theory of directly aiding and abetting the manslaughter. (*Ibid*.)

8

But here, Gonzalez's sworn statement that he killed Clark and personally used a firearm make it clear that Gonzalez pled guilty to being the actual killer of Clark. (See *Verdugo, supra*, 44 Cal.App.5th at 330, [petitioner may be ineligible for sentencing relief where petitioner "admitted to being the actual killer as part of a guilty plea"]; see also *Rivera, supra,* 62 Cal.App.5th at p. 234 ["In some cases, the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6]"].) This is such a case.

Here, as in *Saavedra*, "[t]he factual basis for the plea cannot reasonably be construed as potentially imposing liability under the natural and probable consequences doctrine because it is a theory of vicarious liability, and [Gonzalez] did not act vicariously." (*Saavedra, supra*, 96 Cal.App.5th at p. 448.) As in *Saavedra*, Gonzalez's plea to voluntary manslaughter, read in tandem with his admission of use of a firearm, negates the possibility of vicarious liability.

In summary, we agree with the court that Gonzalez was ineligible for resentencing under section 1172.6 as a matter of law. His guilty plea to voluntary manslaughter combined with his admission that he personally used a firearm "*conclusively* establish—with no factfinding, weighing of evidence, or credibility determinations—that [he] was convicted as the actual killer." (*Harden, supra*, 81 Cal.App.5th at p. 47.)

## DISPOSITION

The order is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

HUFFMAN, J.